959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raine SELIN, Petitioner-Appellant,
v.
Manfred MAASS, Warden, Respondent-Appellee.
 No. 91-35358.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raine Selin, an Oregon state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 Denial of Counsel
 
 3
 Selin contends that he was denied equal protection and due process because his appellate counsel was allowed to withdraw from Selin's case without filing an Anders brief. This contention lacks merit.
 
 
 4
 Counsel's request for permission to withdraw from a case on direct appeal "must ... be accompanied by a brief referring to anything in the record that might arguably support the appeal." Anders v. California, 386 U.S. 738, 744 (1967). The Anders requirements only apply, however, when counsel seeks to withdraw from a case during the defendant's first appeal of right; it does not apply to discretionary appeals. See Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987).
 
 
 5
 Here, Selin's counsel filed a brief on direct appeal, and the Oregon Court of Appeals affirmed Selin's conviction on December 21, 1988. Selin's counsel filed a motion to withdraw from the case on January 26, 1989.[1] Therefore, the Anders requirements did not apply because Selin's counsel moved to withdraw after the court of appeals had disposed of the appeal. Accordingly, because Selin had the assistance of counsel in his first appeal of right, Selin was not denied due process or equal protection. See Finley, 481 U.S. at 554-55; Anders, 386 U.S. at 744.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Oregon Court of Appeals granted the motion to withdraw on March 27, 1989, nunc pro tunc February 6, 1989
 
 
 [2]
 For the first time on appeal, Selin claimed that the state trial court improperly instructed the jury on self defense by using the word "immediate" to explain the word "imminent" in the jury instruction. Because Selin failed to raise this particular challenge to the jury instruction in his habeas petition in the district court, and because no extraordinary circumstances warrant review of this claim, we decline to address it. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (claims absent from a petition to the district court for habeas relief generally are not reviewable on appeal)